IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANJAY LAMA, | : | No. 3:26-CV-0012 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| J. GREENE, Warden, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, in accordance with the accompanying Memorandum, **IT IS**

**ORDERED** that:

1. Petitioner Sanjay Lama's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

2. Lama's motion for leave to "amend/supplement" (Doc. 7) is **GRANTED** insofar as the court will consider the second habeas claim contained therein, as more fully explained in the accompanying Memorandum.

3. Lama's motions for appointment of counsel (Docs. 3, 16) are **DISMISSED** as moot in light of paragraph 1 above.[1]

4. Lama's motion for a temporary restraining order (Doc. 6) and motion for extraordinary and programmatic injunctive relief (Doc. 17) are **DISMISSED** as moot in light of paragraph 1 above.[2]

---

[1] The motions for appointment counsel, if considered on the merits, would be denied. Lama's petition does not present "a nonfrivolous claim," and appointment of counsel in this case will not benefit the court. See Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991), superseded on other grounds by 28 U.S.C. § 2254(d).

[2] The motions for a TRO and injunctive relief, if considered on the merits, would be denied. Lama's Section 2241 claims do not have a "likelihood of success on the merits," which is a threshold requirement for preliminary injunctive relief. See Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017).

5. Lama's motion to expedite due to irreparable harm (Doc. 18) is **DENIED**.

6. The Clerk of Court is directed to CLOSE this case.

Date: ___7/23/26___                         BY THE COURT:

                                            _____
                                            JUDGE JULIA K. MUNLEY
                                            United States District Court

2